UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

JOSE GUSTAVO PONCE VIGIL, a/k/a ALEJANDRO

    Plaintiff,

vs.

PRIMASO, INC. a Florida Corporation
d/b/a PRIMO and IBRAHIM THALJI, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JOSE GUSTAVO PONCE VIGIL a/k/a ALEJANDRO ("VIGIL" or "Plaintiff") hereby files this his complaint against the Defendants, PRIMASO, INC. a Florida Corporation d/b/a PRIMO and IBRAHIM THALJI, individually (collectively "Defendants") and alleges as follows:

1. Plaintiff, VIGIL, is an individual who resides in Hillsborough County, Florida, and was an employee of Defendants and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). CRUZ was employed as a cook/store clerk and primarily engaged in work that does not qualify him for any exemption as defined under 29 U.S.C. §213(a)(1) of the Fair Labor Standards Act of 1938 (the "Act").

2. PRIMASO, INC. is a Florida Corporation d/b/a PRIMO with its principle place of business in Hillsborough, Florida and owns and operates two convenience stores doing business as "PRIMO", one located at 2919 W. Reynolds Street, Plant City, Florida 33563 and the other located at 5616 State Road 674, Wimauma, Florida 33598.

3. Defendant IBRAHIM THALJI is the owner/manager and operator of the subject Defendant Corporation and convenience stores and is an individual Defendant subject to this court's jurisdiction.

4. Upon information and belief, THALJI, at all times material was responsible for running PRIMASO, INC.'s day to day operation at its 2 locations in Florida where Plaintiff was employed. In this regard, THALJI, individually or through those under his direction and control:

  a) Had the power to hire, fire and discipline Plaintiff;

  b) Supervised and directed the work of Plaintiff;

  c) Set and/or approved the hours of work of Plaintiff; and,

  d) Had control over the FLSA violations alleged herein

As a result, at all times material, THALJI acted directly or indirectly in the interest of an employer within the meaning of §203(d) of the FLSA and he is personally liable for all FLSA violations alleged herein.

5. At all times relevant the Defendants, and each of them, are otherwise charged with the responsibility of paying wages to the Plaintiff.

6. Defendants are employers as defined by the Fair Labor Standards Act.

7. The annual gross receipts of PRIMASO, INC. were in excess of $500,000 per year for each and every year in which Plaintiff was employed.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION (FLSA)

8. The Plaintiff reasserts and realleges the allegations contained within paragraphs 1 through 7, as if the same were more fully set forth herein.

9. Plaintiff VIGIL began work for Defendants on or about November 25, 2017 as an hourly paid worker at the rate of $10.00 per hour.

10. This action is brought to recover from Defendants overtime compensation, lost wages, liquidated damages, and costs and reasonable attorney's fees as well as declaratory and injunction relief under provisions of Title 29 U.S.C. § 216(b) (the "Act").

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, VIGIL was an employee who was for each and every work week employed as an employee engaged in interstate commerce as defined by the Act as he would on a daily basis, use and sell items manufactured or conveyed in interstate commerce, transact business with companies and individuals across state lines and engage in other daily activities that constitute interstate commerce; and, Defendants, his employer, were an enterprise engaged in interstate commerce as it daily transacted business across state lines, utilized interstate banking, phones and means of communication to conduct its business, utilized and sold goods or items and/or services made, offered or transported over state lines, or otherwise engaged in the production of goods and or services for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

12. At all times pertinent to this action, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services for Defendants for which no provision was made by Defendants to properly pay Plaintiff the overtime premium for all hours worked in excess of forty within a work week. Plaintiffs worked overtime hours on one or more work weeks.

13. Defendants failed to pay Plaintiff's the overtime premium for any hours worked over forty within a work week. Specifically, Plaintiff worked and was not properly paid an

overtime premium of $5.00 per hour for any overtime hours worked in that Defendants intentionally and deliberately failed to document the actual hours worked and/or refused to compensate Plaintiff by paying one and one-half times the hourly rate for any and all hours worked in excess of forty.

14. Defendants had full knowledge that plaintiff was required to and in fact did work hours in excess of forty on a regular basis and failed to compensate Plaintiff for the same.

15. The records, if any, concerning the number of hours actually worked by Plaintiff if any and the compensation that was paid to Plaintiff are in the possession and custody of Defendants and/or their agents.

16. Plaintiff is entitled to be paid an overtime premium for each and every hour worked in excess of forty (40) hours per work week.

17. During the relevant period of time and for the work weeks ending approximately 12/1/17 through 5/4/18, Plaintiff worked an estimated 511 hours of overtime for which he was never fully compensated or paid in that no overtime premium was paid. As such Plaintiff is due and owed a minimum of $2,555.00 as an unpaid overtime premium.

18. By reason of said intentionally, willful and unlawful acts of Defendants plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

19. As a result of Defendants' willful violation of the Act, plaintiff is entitled to liquidated damages in an amount of no less than $2,555.00.

20. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee and for all costs incurred and is entitled to recover the same as a matter of law.

WHEREFORE, Plaintiff, JOSE "ALEJANDRO" VIGIL demands judgment against Defendants, PRIMASO, INC., a Florida Corporation, and IBRAHIM THALJI, for the payment of all overtime hours at one half his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages in an equal amount and reasonable attorney's fees and costs of suit, and for all other proper relief including pre-judgment interest, and declaratory relief finding any declaring violations of the FLSA and preventing any further violations of the FLSA.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable as a matter of law.

CHRISTOPHER C COPELAND, P.A.
824 W Indiantown Rd.
Jupiter, FL  33458
561-691-9048 (office)
866-259-0719 (fax)

/s/Christopher C Copeland
CHRISTOPHER C. COPELAND
Florida Bar #938076
*Attorney for Plaintiff*
Chris@CopelandPA.com