UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE GUSTAVO PONCE VIGIL,

    Plaintiff,

v.                                                                  Case No. 8:18-cv-1710-T-60CPT

PRIMASO, INC. and
IBRAHIM THALJI,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the report Christopher P. Tuite, United States Magistrate Judge, entered on March 12, 2020.  (Doc. 32).  Judge Tuite recommends that "Plaintiff's Second Motion for Entry of Default Final Judgment" (Doc. 31) be granted in part and denied in part.  Specifically, Judge Tuite recommends that default judgment be entered in favor of Plaintiff and against Defendants in the total amount of $12,652.50, after reducing the requested hourly rate for attorney's fees.[1]  No party has filed an objection, and the time to object has expired.  Upon review of the report and recommendation, motion, court file, and record, the Court finds as follows:

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions.  28 U.S.C. § 636(b)(1)(A).

---

[1] In his motion, Plaintiff seeks attorney's fees based on an hourly rate of $425.00.  Judge Tuite recommends a modest reduction of the requested hourly rate to $375.00.

The Act further vests magistrate judges with the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 932 (11th Cir. 1982).

In the absence of specific objections, there is no requirement that a district judge review the facts *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district judge review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-House v. S. Ry. Co.*, 37 F.2d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 16 (11th Cir. 1994) (table). When no timely and specific objections are filed, the district judge should review the magistrate judge's proposed findings and recommendations using a clearly erroneous standard. *Se Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

After careful consideration of the record, including Judge Tuite's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Tuite's detailed and well-reasoned findings and conclusions. Consequently, "Plaintiff's Second Motion for Entry of Default Final Judgment" is granted in part and denied in part, and default judgment shall be entered in favor of Plaintiff and against Defendants in the total amount of $12,652.50.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Report and Recommendation (Doc. 32) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Plaintiff's Second Motion for Entry of Default Final Judgment" (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART**.

3. The motion is granted to the extent that default judgment shall be entered in favor of Plaintiff. However, the motion is denied in part as to the amount of attorney's fees awarded.

4. The Clerk is directed to enter final default judgment in favor of Plaintiff and against Defendants in the total amount of $12,652.50.

5. After the entry of final judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**